1  Pierce Gore (SBN 128515)
   PRATT & ASSOCIATES
2  1871 The Alameda, Suite 425
   San Jose, CA  95126
3  Telephone: (408) 369-0800
   Fax: (408) 369-0752
4  pgore@prattattorneys.com

5  Charles J. LaDuca (*pro hac vice* pending)        Tony C. Richa (*pro hac vice* pending)
   Joel Davidow (*pro hac vice* pending)             RICHA LAW GROUP, P.C.
6  Alexandra C. Warren (*pro hac vice* pending)      One Bethesda Center
   CUNEO GILBERT & LADUCA, LLP                       4800 Hampden Lane, Suite 200
7  4725 Wisconsin Avenue NW, Suite 200               Bethesda, MD  20814
   Washington, D.C. 20016                            Telephone: (301) 424-0222
8  Telephone: (202) 789-3960                         Facsimile: (301) 576-8600
   Facsimile: (202) 589-1813                         richa@ richalawgroup.com
9  charles@cuneolaw.com
   joel@cuneolaw.com
10 awarren@cuneolaw.com                              *Attorneys for Plaintiffs*

11
                    UNITED STATES DISTRICT COURT
12
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
13

14  2020 O STREET CORPORATION, INC.          Case No.
    dba THE MANSION ON O STREET,
15  individually and on behalf of all others  **CLASS ACTION**
    similarly situated,
16                                            **COMPLAINT FOR DAMAGES,
                    Plaintiff,                PENALTIES, RESTITUTION,
17                                            INJUNCTIVE RELIEF, AND OTHER
    v.                                        EQUITABLE RELIEF**
18
    EXPEDIA, INC., a Washington              1.  Violation of the Lanham Act, 15 U.S.C.
19  corporation; HOTELS.COM, L.P., a Texas       §1125 (False Association)
    limited partnership; HOTELS.COM GP,     2.  Violation of the Lanham Act, 15 U.S.C.
20  LLC a Texas limited liability company;       §1125 (False Advertising)
    and ORBITZ, LLC, a Delaware limited     3.  Unfair Competition
21  liability company.                       4.  Unjust Enrichment and Restitution
22                  Defendants.               **[DEMAND FOR JURY TRIAL]**
23

24

25

26      1.      Plaintiff 2020 O Street Corporation, Inc. d/b/a The Mansion on O Street ("The

27  Mansion" or "Plaintiff") on behalf of itself and all others similarly situated, alleges as follows upon

28
                                        -1-

1    personal knowledge as to itself and its own acts and experience and, as to all other matters, upon

2    information and belief based upon, among other things, investigation conducted by its attorneys.

3                                          **NATURE OF THE CASE**

4         2.      The classic bait and switch.  Defendants are a network of on-line travel services

5    and websites run under popular brands like Hotels.com, Expedia.com, and Orbitz (collectively,

6    "Expedia" or "Defendants"). Expedia baits consumers with on-line deals for vacation and hotel

7    stays at The Mansion and other Class Member hotels, even though these hotels are not affiliated

8    with Expedia. In fact, Expedia has no way to book these hotels.

9         3.      After Expedia baits consumers with the false impression that they can book these

10   hotels through its website, the switch begins. Expedia's website falsely shows that there is no

11   availability at the hotel, but then pushes the consumers to "deals" at Expedia's nearby member

12   hotels, who pay Expedia a fee for every room booked through its website.

13        4.      Expedia's deceit is brazen.  Expedia posts fake telephone numbers for The Mansion

14   and other Class Member hotels to divert callers to Expedia's own operators, who then try to book

15   the consumers at Expedia member hotels.  Expedia also features links redirecting consumers to

16   other hotels after the customer is advised that the Mansion and Class Member hotels have no

17   availability.

18        5.      Worse, Expedia then targets social media advertisements – *for hotels it cannot book*

19   – to those consumers, using the brands of Class Member hotels to divert business from them

20   to Expedia members.

21        6.      Believing Expedia's representation that there is no availability at a Class Member

22   hotel, consumers take their business to Expedia member hotels. And the bait and switch is

23   complete.  Expedia earns a commission by providing a paying customer to one of its member hotels

24   by depriving Class Member hotels of that same customer.

25        7.      Expedia's conduct violates the Lanham Act (15 U.S.C. § 1125), and constitutes

26   false advertising, trademark infringement, unfair competition, and unjust enrichment.

27

28
                                                      -2-

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to 28 U.S.C. § 1331.

9.     This Court has supplemental subject matter jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

10.    This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are more than 100 putative class members, the amount in controversy exceeds $5 million, and there is minimal diversity. Plaintiff, a Washington, D.C. citizen, is diverse from Defendant Expedia, Inc., a Washington citizen, Defendant Hotels.com, L.P.,  a Texas citizen, Defendant Hotels.com GP, LLC, a Texas citizen, and Defendant Orbitz, LLC, a Delaware citizen.

11.    This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b). Defendants reside in this District under 28 U.S.C. § 1391(c); a substantial amount of the events giving rise to  the claims occurred in this District, including San Francisco, because the false statements made about Class Members were made nationwide, including in this District; and there are Class Members who operate hotels and suffered damages in this District, including in San Francisco.

## PARTIES

12.    Plaintiff The Mansion is a corporation organized under the laws of Washington, D.C. with its principal place of business located in Washington, D.C. The Mansion is a luxury hotel located in Washington, D.C. that, since 2012, has lost customers due to Expedia's misinformation.

13.    Defendant Expedia, Inc. is a Washington corporation with its headquarters in Bellevue, Washington.  In 2015, Expedia, Inc. recorded gross bookings of $60,830,000,000.00 and has an estimated 75% market share among United States online travel agencies.

14.    Defendant Hotels.com, L.P. is a Texas limited partnership with its headquarters in Dallas, Texas. Hotels.com, L.P. also has offices in Bellevue, Washington, which it shares with Expedia, Inc.  and other defendants.

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

15.     Defendant Hotels.com GP, LLC is a Texas limited liability company with its headquarters in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants. Hotels.com GP, LLC is the general partner of Hotels.com, L.P.

16.     Defendant Orbitz, LLC is a Delaware limited liability company with offices in Chicago, Illinois. Orbitz, LLC also has offices in Bellevue, Washington, which it shares with Expedia, Inc. and other defendants.

17.     Plaintiff is informed and believes, and based thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent the official policies of each of the named Defendants.

18.     Plaintiff is informed and believes, and based thereon alleges that, at all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

19.     Plaintiff is informed and believes, and based thereon alleges, that each of said Defendants is in some manner intentionally,  negligently,  or otherwise responsible for the acts,  omissions, occurrences, and transactions alleged herein.

## STANDING

20.     Plaintiff has standing to bring the claims alleged in this complaint because, as further detailed below, Defendants' wrongful conduct  proximately caused  Plaintiff to  suffer injuries  to  its commercial interests in its reputation and sales.

## FACTUAL BACKGROUND

### Defendants Lure Consumers With False Google Ads

21.     Defendants own and operate various websites that they identify as their brands, including, but not limited to, Expedia.com, Hotels.com, and Orbitz.com, (collectively, the "Websites").

-4-

22.     Through these Websites, Defendants offer travel services to consumers in this District, throughout the United States, and across the world.

23.     For a fee, hotels and vacation lodges can sign up to be featured, advertised and booked through Defendants' websites (hereafter referred to as "member(s)").

24.     The Mansion and the Class Members are *not* members of Defendants' websites or otherwise affiliated with Defendants. The Mansion and, on information and belief, the Class Members, have not consented to the Defendants' use of their names, marks or any information concerning their booking, accommodations or availability.

25.     The Mansion and, on information and belief, the Class Members, own their r e s p e c t i v e  names and marks.

26.     Defendants push "deals" for stays at their members' hotels and lie about the availability of rooms at non-member hotels. Consumers visiting these Websites have no way of knowing which hotels are members and which are not.

27.     But the deception starts even before consumers visit the Websites. Defendants purchase false and misleading advertisements on internet search engines like Google, to funnel traffic to their Websites.

28.     During the last three years and before, when a consumer used Google to search for The Mansion on O Street, the engine's top result returns an advertisement purchased by Defendants to book rooms at The Mansion but customers who clicked on the link would ultimately be advised that The Mansion was sold out.

29.     During the last three years and before, Defendant falsely stated on their Websites that The Mansion was sold out or unavailable for specified dates notwithstanding that, in fact, rooms were available during those time frames.  The Websites contained links directing customers to different (presumably, member) hotels that Defendants actually had agreements or affiliations with.

30.     As recently as September 2016, Defendants' Websites represented to online consumers that The Mansion was unavailable for certain dates despite The Mansion having rooms available, causing The Mansion to lose business.

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

31.     Numerous consumers contacted The Mansion after making reservations at member hotels based on Defendants' false representation that The Mansion has no rooms available.  These consumers indicated that they would have booked rooms at The Mansion but for Defendants' misrepresentation.

32.     In October 2016, the President of The Mansion notified Expedia of the issue and the issue was rectified at some point thereafter.

33.     Plaintiff alleges on information and belief that Defendants had a pattern and practice, when available, to purchase similarly deceptive advertisements on Google and other search engines regarding the Class Members (collectively, the "Google Advertisements").

34.     The Google Advertisements were false, misleading and omitted material facts necessary to make them not misleading because they stated or implied that Defendants had an affiliation with the Class Members and that Defendants could book stays at the Class Members' hotels on behalf of consumers.

35.     In truth, at all relevant times, Defendants had no affiliation with The Mansion and the Class Members, and Defendants had no way to actually book stays at The Mansion or at the Class Members' hotels on behalf of consumers.

36.     The Google Advertisements funneled consumers away from legitimate websites that could book rooms at The Mansion and at the Class Members and lured consumers onto Defendants' Websites, where Defendants' unlawful conduct continued.

**Defendant's Unfair and Fraudulent Practices on the Websites**

37.     At all relevant times, when a consumer searches for Class Members on Defendants' Websites, the Websites prompt consumers to enter prospective travel dates to check for room availability.

38.     Defendants' travel date searches are misleading in that they falsely lead consumers to believe that Defendants have an affiliation with The Mansion and the Class Members and that Defendants can book stays with The Mansion and the Class Members on behalf of travelers.

-6-

39.     Plaintiff alleges on information and belief that after baiting consumers to enter their prospective travel dates, Defendants' Websites, as a standard practice, represent that there are "no  rooms available" at The Mansion or Class Member hotels, that The Mansion and Class Members are "sold out," or that there are "no deals available at this time" at The Mansion and Class Members, regardless of the fact that there was indeed availability at The Mansion and Class Member hotels.

40.     In returning these false and misleading "sold out" search results, Defendants use  the names and addresses of The Mansion and Class Members together with fake phone numbers. These phone numbers do not connect would be travelers to The Mansion and Class Members. Instead, these phone numbers are owned and operated by Defendants.

41.     At the same time that the Websites return false and misleading "sold out" search results with phony 800 numbers for The Mansion and Class Members, the Websites offer "deals" at their own member hotels during the same travel dates.

42.     Plaintiff alleges on information and belief that at all relevant times, when consumers called the fake phone numbers, Defendants' operators confirm there is no availability at The Mansion and Class Members' hotels (regardless of their actual vacancy rates) and offer to book stays at nearby Defendants' member hotels.  At times, Defendants did not utilize the fake numbers when falsely representing that The Mansion and Class Member hotels had no availability and, instead, featured links to other hotels that had availability and were, presumably, Member hotels.

### Defendants Continue Pursuing Consumers With False Social Media Ads

43.     If a consumer does not immediately book a room through the Websites, Defendants continue pursuing their business with misleading social media advertisements.

44.     For example, during the last three years and before, Defendants ran targeted Facebook advertisements that would encourage consumers to book rooms at the Mansion after the consumer has searched for The Mansion on Defendants' Websites.

45.     During the last three years and before, Defendants also ran targeted Twitter advertisements  that  would encourage consumers to book at The Mansion after searching Defendants' Websites.

-7-

46.     Plaintiff alleges on information and belief that Defendants had a policy and practice of running targeted advertisements on Facebook, Twitter and other social media platforms referring to The Mansion and the Class Members (collectively, the "Facebook Advertisements") in an effort to mislead consumers and get them to return to the Websites to book with Defendants' member hotels.

## CLASS ALLEGATIONS

47.     **Classes:** Plaintiff brings its claims on behalf of the following classes, as alleged more specifically in each claim for relief set forth herein:

a.     National Class: Pursuant to Fed.R.Civ.P.23. Plaintiff seeks to represent the following Class:

All hotels, lodges, inns, motels and providers of overnight accommodations whose names appeared on Hotels.com, Expedia.com, and Orbitz.com, with whom Defendants did not have a booking agreement (the "National Class").

b.     Washington, D.C. Sub-Class: Pursuant to Fed.R.Civ.P.23. Plaintiff seeks to represent the following Class:

All Washington, D.C.-based hotels, lodges, inns, motels and providers of overnight accommodations whose names appeared on Hotels.com, Expedia.com, and Orbitz.com, with whom Defendants did not have a booking agreement (the "Washington, D.C. Sub-Class").

48.     Excluded from the Classes are (a) any Judge or Magistrate presiding over this action and members of their families; (b) the Defendants and their subsidiaries and affiliates; and (c) all persons who properly execute and file a timely request for exclusion from the Class Plaintiff reserves the right to re-define the Class (hereinafter referred to as the "Class," unless otherwise specified) prior to moving for class certification.

49.     The exact number of Class members is unknown as such information is in the exclusive control of Defendants. Plaintiff, however, believes that the Class encompasses more than one hundred entities that are geographically dispersed throughout the nation. Therefore, the number of persons who are members of the Class described above are so numerous that joinder of

all members in one action is impracticable.  Members are readily ascertainable through appropriate discovery from records maintained by Defendants and their agents.

50.    Questions of law and fact that are common to the entire Class predominate over individual questions because the actions of Defendants' complained of herein were generally applicable to the entire Class.  These legal and factual questions include, but are not limited to:

a.    What algorithms Defendants used on their Websites to return search results to consumers;

b.    Whether Defendants' search engines accessed actual vacancy rates of their non-member hotels;

c.    How Defendants used smart technology to track consumer search history;

d.    Whether Defendants online advertisements were part of a pattern and practice to divert business unfairly toward their member hotels;

e.    Whether Defendants' offers to book stays at hotels with whom they had   no affiliation violated section 43(a) of the Lanham Act;

f.    Whether Defendants' use of Plaintiff and Class Members' names and identifying information violated section 43(a) of the Lanham Act;

g.    Whether Defendants' false representation that Plaintiff and Class Members' hotels were sold out, had no rooms available or had no deals violated section 43(a) of the Lanham Act;

h.    Whether Defendants' systematic acts and practices constitute unfair competition under Washington, D.C. law;

i.    Whether Defendants were unjustly enriched under Washington, D.C. law;

j.    Whether restitution, lost profits or another damages measure is most appropriate to compensate Plaintiff and the Class Members; and

k.    Whether Defendants' conduct should be enjoined.

51.    Plaintiff's claims are typical of the members of the Class because Plaintiff and Class members were injured by the same wrongful practices and were subjected to Defendants' common advertising and websites policies and practices.  Plaintiff's claims arise from the same practices and

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

course of conduct that gives rise to the claims of the Class members, and are based on the same legal theories.  Plaintiff has no interests that are contrary to or in conflict with those of the Class it seeks to represent and Plaintiff has retained counsel who are competent and experienced in class actions and unfair competition law.

52.   Questions of law or fact common to Class members predominate. A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. This case involves a small number of tight knit Defendants operating Websites under a common scheme, and a large number of individual small and medium size hotels and lodges with many relatively small claims with common issues of law and fact.  While the Class members' aggregate damages are likely to be in the millions of dollars, the individual damages incurred by each Class member are, as a general matter, too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate individual claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by the individual litigation of such cases. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials on the same factual issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Certification of the Class under Rule 23(b)(3) is proper.

53.   Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the Class would be proper.  Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with regard to Class members as a whole and certification of the Class under Rule 23(b)(2) proper.

### FIRST CLAIM FOR RELIEF
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**
**(False Association and Trademark Infringement)**
**(By Plaintiff and the National Class Members Against All Defendants)**

57.   Plaintiff incorporates every preceding paragraph as if fully set forth herein.

-10-

58.     In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which were likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with The Mansion and the National Class Members, or as to the origin, sponsorship, or approval of their services or commercial activities.

59.     In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which were likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with The Mansion and the National Class Members, or as to the origin, sponsorship, or approval of their services or commercial activities.

60.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) proximately caused an injury to a commercial interest in sales or business reputation of The Mansion and the National Class Members.

61.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive The Mansion and the National Class Members of the ability to control the consumer perception of their products and services offered under their names and marks, placing the valuable reputation and goodwill of The Mansion and the National Class Members in the hands of Defendants.

62.     Defendants had direct and full knowledge of The Mansion and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

63.     As a result of Defendants' aforesaid conduct and in addition to other damages, The Mansion and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which The Mansion and

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

the National Class Members have no adequate remedy at law. The Mansion and the National Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

64.     Accordingly, pursuant to 15 U.S.C. § 1117, The Mansion and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by The Mansion and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) injunctive relief; (4) the costs of the action; (5) reasonable attorney fees, and (6 such other and further relief as the Court may deem equitable and appropriate pursuant to 15 U.S.C. § 1117.

**SECOND CLAIM FOR RELIEF**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)**
**(False Advertising and Trademark Infringement)**
**(By Plaintiff and the National Class Members Against All Defendants)**

65.     Plaintiff incorporates every preceding paragraph as if fully set forth herein.

66.     In acting as alleged above, Defendants violated section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce words, terms, names, or symbols, or a combination thereof, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of The Mansion and the National Class Members' services or commercial activities.

67.     In acting as alleged above, Defendants also violated section 43(a) of the Lanham Act (15§ 1125(a)(1)(B)), in connection with on-line travel and booking services, by using in commerce false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact, which in commercial advertising or promotion, misrepresented the nature, characteristics, or qualities of The Mansion and the National Class Members' services or commercial activities.

68.     Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(B) proximately caused an injury to a commercial interest in sales or business reputation of The Mansion and the National Class Members.

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

69.      Defendants' misrepresentations and actions in violation of 15 U.S.C. § 1125(a)(1)(A) have also deprived and will continue to deprive The Mansion and the National Class Members of the ability to control the consumer perception of their products and services offered under their names and marks, placing the valuable reputation and goodwill of The Mansion and the National Class Members in the hands of Defendants.

70.      Defendants had direct and full knowledge of The Mansion and the National Class Members' prior use of and rights in their names and marks before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

71.      As a result of Defendants' aforesaid conduct and in addition to other damages, The Mansion and the National Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which The Mansion and the National Class Members have no adequate remedy at law. The Mansion and the National Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

72.      Accordingly, pursuant to 15 U.S.C. § 1117, The Mansion and the National Class Members are entitled to recover: (1) Defendants' profits, or an amount that is adequate, which the Court finds to be just according to the circumstances of the case, as compensation; (2) the damages sustained by The Mansion and the National Class Members, in a sum above the amount found as actual damages, not exceeding three times such amount; (3) injunctive relief; (4) the costs of the action; (5) reasonable attorney fees, and (5) such other and further relief as the Court may deem equitable and appropriate pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF
**Unfair Competition**
**(By Plaintiff and the Washington, D.C. Class Members Against All Defendants)**

73.      Plaintiff incorporates every preceding paragraph as if fully set forth herein.

74.       Defendants' misconduct, described herein, took place across the United States, including within the District of Columbia, and affected The Mansion and other Washington, D.C.

-13-

Sub-Class Members, as well as members of the consuming public within the District of Columbia and nationwide.

75.     Defendants impaired the ability of The Mansion and the Washington, D.C. Sub-Class to compete for business opportunities by affirmatively and impliedly misrepresenting material information regarding The Mansion and the Washington, D.C. Sub-Class as set forth herein. Reasonable consumers would (and did in fact) deem Defendants' representations regarding The Mansion and other Class Members to be misleading.

76.     Defendants impaired the ability of The Mansion and the Washington, D.C. Sub-Class to compete for business opportunities by omitting and failing to disclose material information regarding The Mansion and the Class as set forth herein.  Reasonable consumers would (and did in fact) deem Defendants' representations regarding The Mansion and other Class Members to be misleading.

77.     Defendants' wrongdoing has resulted in interference with access to the business of The Mansion and other Washington, D.C. Sub-Class Members, by systematically inducing consumers searching for hotel rooms from purchasing those rooms from The Mansion and Washington, D.C. Sub-Class Members.

78.     The Mansion and the Washington, D.C. Sub-Class Members have suffered competitive injury and have been personally aggrieved by Defendants' unfair competition and unlawful business acts and practices as alleged herein, including but not necessarily limited to, by the loss of money or property.

79.     As a result of Defendants' aforesaid conduct and in addition to other damages, The Mansion and the Washington, D.C. Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which The Mansion and the Washington, D.C. Sub-Class Members have no adequate remedy at law. The Mansion and the Washington, D.C. Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER EQUITABLE RELIEF

80.     As a result of the Defendants' acts of unfair competition as described herein, Plaintiff and the Washington, D.C. Sub-Class Members have suffered actual harm and seek all damages recoverable at law including monetary damages, an order enjoining Defendants' unlawful conduct, and any other relief the court determines proper.

### FOURTH CLAIM FOR RELIEF
**Unjust Enrichment / Restitution**
**(By Plaintiff and the Washington, D.C. Sub-Class Members**
**Against All Defendants)**

81.     Plaintiff incorporates every preceding paragraph as if fully set forth herein.

82.     In acting as alleged above, Defendants have been unjustly enriched in that Defendants have knowingly benefitted at the expense of The Mansion and the Washington, D.C. Sub-Class Members in a manner such that allowance of Defendants to retain the benefits that they received would be unjust.

83.     As a result of Defendants' aforesaid conduct and in addition to other damages, The Mansion and the Washington, D.C. Sub-Class Members have suffered the continuing loss of the goodwill and reputation established by their names and marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which The Mansion and the Washington, D.C. Sub-Class Members have no adequate remedy at law. The Mansion and the Washington, D.C. Sub-Class Members will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

84.     The Mansion and the Washington, D.C. Sub-Class Members are entitled to disgorgement and restitution of the income that Defendants earned as a result of their misconduct.

85.     Defendants deliberately promoted, issued and sold gift certificates containing illegal expiration dates.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

1.      Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes

-15-

1   as defined above;

2        2.    Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

3        3.    Award all actual, general, special, incidental, punitive, statutory, injunctive, and

4   consequential damages to which Plaintiff and Class members are entitled;

5        4.    Award pre-judgment and post-judgment interest on such monetary relief;

6        5.    Award reasonable attorneys' fees and costs; and

7        6.    Grant such further relief that this Court deems appropriate.

8               **DEMAND FOR JURY TRIAL**

9       Plaintiff respectfully demands a trial by jury on all issues within the instant action so triable.

10

11   Dated:  March 7, 2017            Respectfully submitted,

12

13                       /s/ Pierce Gore
Pierce Gore (SB 128515)

14                       Pratt & Associates
1871 The Alameda, Suite 425

15                       San Jose, CA  95126
pgore@prattattorneys.com

16

17                       Charles J. La Duca (*pro hac vice* pending)
Joel Davidow (*pro hac vice* pending)

18                       Alexandra C. Warren (*pro hac vice* pending)
Cuneo Gilbert & Laduca, LLP

19                       4725 Wisconsin Avenue NW, Suite 200
Washington, D.C. 20016

20                       charles@cuneolaw.com
joel@cuneolaw.com

21                       awarren@cuneolaw.com

22                       Tony C. Richa (*pro hac vice* pending)

23                       Richa Law Group, P.C.
One Bethesda Center

24                       4800 Hampden Lane, Ste. 200
Bethesda, MD  20814

25                       richa@richalawgroup.com

26

27

28

COMPLAINT FOR DAMAGES, PENALTIES, RESTITUTION, INJUNCTIVE RELIEF, AND OTHER
EQUITABLE RELIEF